936 F.2d 582
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Clovis Carl GREEN, Jr., Plaintiff-Appellant,
v.
WARDEN, FEDERAL CORRECTIONAL INSTITUTION, Englewood,
Colorado, and L.E. DuBois, Regional Director,
Federal Bureau of Prisons, Defendants-Appellees.
 No. 90-1234.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Clovis Carl Green, Jr., appeals the dismissal of his complaint under 42 U.S.C. Sec. 1983 alleging that the appellees, the Warden of the Federal Correction Institution at Englewood, Colorado, and Mr. DuBois, Regional Director of the Federal Bureau of Prisons, violated Mr. Green's constitutional rights.
 
 
 3
 Mr. Green is currently an inmate at the Federal Correctional Institution at Oxford, Wisconsin. He was denied a transfer to Englewood because he has federal civil actions pending in Wisconsin. Mr. Green argues that the appellees denied the transfer in retaliation for his having filed those actions, thus the denial violates his right of access to the courts. He further argues that his due process rights have been violated because he has a liberty interest, created by Federal Bureau of Prisons Policy Statement 5100.2 CN-8 Sec. 4(C), in being incarcerated at Englewood. He initially asked that the prison be required to transfer him, and claimed monetary damages.
 
 
 4
 The United States Magistrate Judge concluded that the complaint failed to state a claim and recommended that it be dismissed. In papers filed after the magistrate judge's recommendation, Mr. Green stated that he no longer wished to be transferred to Englewood, but he still wanted monetary damages for denial of the transfer. On de novo review, the district court adopted the recommendation of the magistrate judge and dismissed the complaint. This appeal followed.
 
 
 5
 The appellees have filed a motion to supplement the record with a copy of Federal Bureau of Prisons Policy Statement 5100.2 CN-8 Sec. 4(C). The motion is hereby GRANTED.
 
 
 6
 "The sufficiency of a complaint is a question of law which we review de novo." Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986). "Dismissal of a case pursuant to Fed.R.Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of his claim to entitle him to relief." Id.
 
 
 7
 Mr. Green acknowledges that he has no constitutional right to be housed in a specific prison. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983). Mr. Green argues, however, that his transfer was denied in retaliation for his litigiousness. See Smith v. Maschner, 899 F.2d 940 (10th Cir.1990) (prison officials may not retaliate against inmate because of his exercise of right of access to courts). Mr. Smith's bald allegation of retaliatory motive is not sufficient to state a claim when the facts set forth in his pleadings show an adequate non-retaliatory motive. See Cotner v. Hopkins, 795 F.2d 900 (10th Cir.1986) (dismissal of pro se claim appropriate where allegations were conclusory and unsupported by underlying facts). Mr. Smith's complaint states that he was retained at Oxford "due to his pending suits." As the magistrate judge pointed out, "[T]he plaintiff's witnesses to his lawsuits at FCI Oxford are in Wisconsin. The Federal Bureau of Prisons will not provide transportation back to Oxford, Wisconsin at the trial. He would be hindered, if not prevented from preparing his Oxford cases if he was transferred to FCI Englewood." Recommendation of United States Magistrate at 2.
 
 
 8
 Mr. Green also claims a liberty interest in the transfer which, he claims, was denied without due process of law. Mr. Green was reclassified from a Security Level 4 prisoner to a Security Level 3 prisoner. He claims that under prison policies he has a right to be housed in a Level 3 prison, such as Englewood, rather than in a Level 4 prison, such as Oxford. He refers specifically to Federal Bureau of Prisons Policy Statement 5100.2 CN-8 Sec. 4, which states in pertinent part:
 
 
 9
 4. MANAGEMENT VARIABLES. Considerations which in addition to security considerations, may significantly affect a designation or redesignation decision:
 
 
 10
 ....
 
 
 11
 C. Release Residence Area. It is the policy of the Federal Bureau of Prisons to place each inmate in an institution that is appropriate in security level and is geographically as close to the anticipated release area as is possible and reasonable.
 
 
 12
 (Emphasis added).
 
 
 13
 Prison regulations do not confer any liberty interest in and of themselves. Hewitt v. Helms, 459 U.S. 460, 470 (1983). The regulation must place "substantive limitations on official discretion." Olim, 462 U.S. at 249. The prison policy cited above contains no mandatory language; it merely provides guidelines to prison authorities. See Hewitt, 459 U.S. at 471 (prisons which adopt helpful guidelines should not be subject to court scrutiny, while prisons which adopt no guidelines are not). Because Mr. Green can claim no liberty interest in a transfer to Englewood, he can claim no violation of due process.
 
 
 14
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3